IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Lonnie Jergens, | : | |
| Plaintiff | : | Civil Action 2:10-cv-01183 |
| v. | : | Judge Graham |
| Ohio Department of Rehabilitation and Correction Adult Parol Authority, *et al*, | : | Magistrate Judge Abel |
| | : | |
| Defendants | | |
| | : | |

## Report and Recommendation

Plaintiff Lonnie Jergens, a state prisoner incarcerated at the Corrections Reception Center, brings this action under 42 U.S.C. §§ 1983 and 1988 against defendants State of Ohio Department of Rehabilitation and Corrections Adult Parole Authority Ohio Parole Board ("OAPA"), Ellen W. Venters, and Bobby Bogan alleging violations of the Fifth and Fourteenth Amendments. This matter is before the Magistrate Judge on defendants' April 15, 2011 motion to dismiss for failure to state a claim (doc. 11).

As a preliminary matter, plaintiff's March 18, 2011 motion to file response to reply to motion to dismiss (doc. 17) is GRANTED.

1

I.      **Allegations in the Complaint**

On February 7, 1992, plaintiff was convicted of murder and sentenced to an indefinite period of imprisonment. Compl. at ¶12. A parole hearing to consider plaintiff's eligibility for parole was set for April 2, 2011. *Id.* at ¶13. On March 25, 2011, counsel for plaintiff and two other individuals met with defendant Bogan to discuss information relevant to plaintiff's upcoming parole hearing. *Id.* at ¶14. Counsel was aware that false information concerning plaintiff's criminal record and history had been raised in prior parole hearings by defendant Venters, and he attempted to clarify the discrepancies. *Id.* at ¶15.  Defendant Bogan told counsel for plaintiff that he was not interested in the information or plaintiff's past history; rather, he was only interested in plaintiff's future plans. *Id.* at ¶16.

At the April 2, 2010 parole hearing, defendant Venters raised the erroneous information concerning plaintiff's criminal record, which was used to deny plaintiff parole. *Id.* at ¶17. Plaintiff had previously sued defendant Venters, but the Ohio Parole Board permitted her to participate as a hearing officer despite the conflict of interest. *Id.* at ¶18. Plaintiff filed a motion for reconsideration, but the Ohio Parole Board denied his motion. *Id.* at ¶19. As a result of defendants' actions, plaintiff's due process rights under the Fifth and Fourteenth Amendments were violated, and defendants acted with malice and wantonly and recklessly disregarded plaintiff's rights. *Id.* at ¶20.

The complaint further alleges that the defendants conspired to deprive plaintiff of his due process rights and to deny him a meaningful hearing and opportunity to be heard. *Id.* at ¶23.

## II. Arguments of the Parties

### A. Defendants

Defendants argue that the complaint fails to state a claim because an inmate has no due process rights with respect to parole. There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. An inmate simply does not have a sufficient liberty interest in his future parole release to be entitled to due process in his parole release proceedings. According to defendants, the parole can be denied for any constitutionally permissible reason or for no reason at all. The Ohio Parole Board has broad discretion to consider evidence that the inmate considers false, and it does not have to force a board member to recuse herself.

Defendants further argue that the Ohio Adult Parole Authority is not a "person" within the meaning of 42 U.S.C. § 1983, and as result, the complaint fails to state a claim upon which relief can be granted. Defendants also argue that the Eleventh Amendment bars a suit in federal court against the state or any of its agencies unless the state has expressly waived immunity. Because Ohio has not waived its sovereign immunity, the OAPA is immune to suit in federal court for damages.

3

### B. Plaintiff

Plaintiff maintains that the OAPA is subject to suit under 42 U.S.C. § 1983. Plaintiff relies on *Layne v. Adult Parole Authority*, 97 Ohio St. 3d 456 (2002), in which the Ohio Supreme Court found that state law created a liberty interest in receiving meaning parole consideration. Plaintiff also maintains that the Supreme Court held that a prisoner can bring a § 1983 action challenging parole procedures in *Williams v. Dotson*, 544 U.S. 74 (2005). Plaintiff argues that he is not arguing that he has a right to be released; instead, he challenges the process that unfairly determined the outcome of his hearing. Plaintiff maintains that the defendants prevented him from fairly presenting his case. Even though his attorney was told that the erroneous information would not be considered by the parole board, it was, and plaintiff was not given the opportunity to refute it.  Plaintiff argues that even thought the parole board has great discretion, a liberty interest exists in the fairness of that process.

### III. Motion to Dismiss

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (U.S. 2007) (citing *Bell v. Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007)); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982). Although the court must apply a liberal construction of the complaint in favor of the

party opposing the motion to dismiss, *see Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975), a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations, *see Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005); *Blackburn v. Fisk Univ.*, 443 F.2d 121, 123-124 (6th Cir. 1971).  In reading a complaint, however, a court will indulge all reasonable inferences that might be drawn from the pleading.  *See Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (6th Cir. 1972).  Because the motion under Rule 12(b)(6) is directed solely to the complaint itself, *see Roth Steel Prods.*, 705 F.2d at 155; *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171, 173 (6th Cir. 1983), the court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail, *see McDaniel v. Rhodes*, 512 F. Supp. 117, 120 (S.D. Ohio 1981).  A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted.  *See Roth Steel Prods.*, 705 F.2d at 155-56.

  **IV.**  **Discussion**

  A plaintiff bringing a § 1983 claim for violation of his right to procedural due process must show that the state deprived him of a constitutionally protected interest in life, liberty, or property without due process of law. *Zinermon v. Burch*, 494 U.S. 113 (1990). Under the Fourteenth Amendment, the state may not interfere with a constitutionally cognizable liberty or property interest without due process of law. *Kentucky Dep't. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). The United States Supreme Court, however, has held that there is no constitutional right of a convicted person to be

paroled before the expiration of a valid sentence. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). The Sixth Circuit Court of Appeals held, in *Michael v. Ghee*, 498 F.3d 372, 378 (6th Cir. 2007), that the state of Ohio has created a completely discretionary parole system, and, as a result, an Ohio inmate has no liberty interest in parole eligibility under Ohio law.  Because Plaintiff has no protected liberty interest in being released on parole prior to the expiration of his sentence, his right to due process has not been infringed by defendants.  Where no liberty interest is at stake, Plaintiff is not entitled to due process.

Relying on *Wilkinson v. Dotson*, 544 U.S. 74 (2005), plaintiff insists that he is not challenging the outcome of the parole decision; he is challenging the process that unfairly determined the outcome. In *Dotson,* the Supreme Court held that there is a claim under 42 U.S.C. § 1983 when the prisoner attacks the constitutionality of the state procedures used to deny parole. 544 U.S. at 82. Here plaintiff points to no constitutional error; rather, he maintains that he was denied meaningful review of his suitability for parole by being prevented from fairly representing his case. He further contends that he was not given the opportunity to clarify the record and correct false information that was presented about him. This distinction, however, does not save plaintiff's complaint. Several courts have rejected claims based on similar allegations:

> [R]eliance on false information in a parole hearing does not constitute a violation of due process rights. The Court agrees with this conclusion. *See Jones v. Ray*, 279 F.3d 944, 946 (11th Cir. 2001)(explaining that a prisoner's conclusory allegation that parole board relied on false information in parole file was insufficient to state claim for due process violation); *Reffitt*

6

>*v. Nixon*, 917 F. Supp. 409, 413 (E.D. Va. 1996)(explaining that a prisoner may not raise a claim under §1983 to contest information in his parole file because a prisoner does not have a liberty interest in being granted parole); *Washington v. White*, 805 F. Supp. 191, 193 (S.D. N.Y. 1992) (explaining that "[s]ince New York's parole provisions do not create an entitlement to parole . . . any alleged unfairness in plaintiff's parole hearing does not and cannot afford a predicate for relief under Section 1983").

*Whiteside v. Ohio Department of Rehabilitation and Correction*, No. 2:03-cv-00439, Opinion and Order, doc. 49 at 13 (S.D. Ohio Mar. 31, 2004).

Further, even if Ohio had created a liberty interest in release on parole, all that due process requires is an opportunity to be heard and a statement of the reasons denying parole. *Swarthout v. Cooke,* 562 U.S. \_\_\_\_\_, 131 S.Ct. 859, 862 (2011). Failure to follow state law is not actionable. *Id.* Here plaintiff was afforded an opportunity to be heard and a statement of the reasons for denying parole. What he complains of is that he provided information to the parole board that it disregarded. That allegation fails to state a federal claim for relief.

V.     **Conclusion**

The Magistrate Judge RECOMMENDS that defendants' April 15, 2011 motion to dismiss for failure to state a claim (doc. 11) be GRANTED.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

s/ Mark R. Abel  
United States Magistrate Judge
