IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Lonnie Jergens, | : | |
| Plaintiff | : | Civil Action 2:10-cv-01183 |
| v. | : | Judge Graham |
| Ohio Department of Rehabilitation and Correction Adult Parol Authority, *et al*, | : | Magistrate Judge Abel |
| Defendants | : | |
| | : | |

# ORDER

Plaintiff Lonnie Jergens, a state prisoner, brings this action alleging that defendants State of Ohio Department of Rehabilitation and Corrections Adult Parole Authority Ohio Parole Board ("OAPA"), Ellen W. Venters, and Bobby Bogan violated his rights arising under the Fifth and Fourteenth Amendments. This matter is before the Court on plaintiff Lonnie Jergens' June 29, 2011 objections to Magistrate Judge Abel's June 13, 2011 Report and Recommendation that defendants' April 15, 2011 motion to dismiss for failure to state a claim be granted.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation and **GRANTS** defendants' April 15, 2011 motion to dismiss for failure to state a claim.  (Doc. 11).

Plaintiff argues that *Wilkinson v. Dotson*, 544 U.S. 74 (2005) permits challenges to parole procedures under section 1983. Plaintiff maintains that a protected liberty

interest under state law was established in *Layne v. Adult Parole Authority*, 97 Ohio St. 3d 456 (2002). Because Ohio law created a protected liberty interest, due process rights attach to the parole procedures challenged by plaintiff. Plaintiff contends that because state law requires meaningful review a liberty interest in parole exists. According to plaintiff, completely discretionary procedures would not require meaningful review.

The Magistrate Judge correctly stated that there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). An inmate does "not have a sufficient liberty interest in his future parole release to be entitled to due process in his parole release proceedings." *Sharp v. Leonard*, 611 F.2d 136, 137 (6th Cir. 1979). Plaintiff's reliance on *Wilkinson v. Dotson*, 544 U.S. 74 (2005) is misplaced. In *Dotson*, the United States Supreme Court held that § 1983 was a possible vehicle to challenge the constitutionality of state parole procedures, but this does not mean that there are due process rights with regard to Ohio's parole procedures.  Ohio has not created a protected liberty interest in parole. *Michael v. Ghee*, 498 F.3d 372, 378 (6th Cir. 2007). Jergens' reliance on Ohio's "meaningful consideration" doctrine does not alter this conclusion. In *Layne v. OAPA*, 97 Ohio St. 3d 456 (2002), the Ohio Supreme Court concluded that "meaningful consideration" was required by Ohio's parole statutes, but it did not make any findings with respect to constitutional due process. Although Jergens maintains that he was denied meaningful consideration, section 1983 does not provide relief for a violation of state law.

The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendants.  This action is hereby **DISMISSED.**

s/ James L. Graham
James L. Graham
United States District Judge

Date: July 11, 2011

3